IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    Criminal No: 1:11-cr-133-01

MICHAEL W. MCBRIDE

MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion for
correction of sentence and petition for writ of habeas corpus ad
prosequendum (Doc. No. 81).  For the reasons that follow, the
motion is denied.

**I.   BACKGROUND**

Defendant, Michael Wayne McBride, was sentenced in the
Circuit Court of Summers County, West Virginia on April 26, 2010
pursuant to a plea of guilty to three felony charges.  See Doc.
No. 81-1.  Defendant was sentenced as follows: one to five years
confinement for conspiracy to commit breaking and entering, one
to five years confinement for conspiracy to commit grand
larceny, and one to ten years confinement for the transferring
of stolen property.  Id.  These sentences were to be served
consecutively.  Id.  On November 19, 2010, the state court
stayed the sentence, and defendant was released from Southern
Regional Jail to the Learn Program to receive residential
inpatient treatment for substance abuse.  See Doc. No. 81-2.

1

Defendant was placed on unmonitored home confinement, and ordered not to leave the substance abuse treatment facility unless approved by the court.  Id.  Upon defendant's discharge from the program, he was to be returned to Southern Regional Jail pending further order of the state court.  Id.

While released to this substance abuse program, defendant committed the offense in this matter on February 15, 2011.  The state court issued a bench warrant for defendant's arrest on February 23, 2011.  See Doc. No. 81-3.  Defendant was then indicted and charged in a four-count federal indictment filed on May 31, 2011.  See Doc. No. 1.  Defendant was arrested on September 27, 2011 by state authorities.  See Doc. No. 38. While in custody at Southern Regional Jail, the state court re-sentenced defendant on October 24, 2011.  The new sentencing order is exactly the same as the original order, with one addition.  The following hand-written line is added: "This sentence is consecutive to the federal sentence currently being served."  See Doc. No. 81-4.  Defendant was not present at this state sentencing hearing.  Based primarily on this fact, defendant's counsel moved for reduction or correction of the sentence in state court.  See Doc. No. 81-6.

On November 28, 2011, defendant pleaded guilty to Count One of the federal indictment, charging him with a violation of 21 U.S.C. § 841(a)(1) (distribution of a quantity of hydromorphone)

2

and 18 U.S.C. § 2 (aiding and abetting the same).  See Doc. No. 60.  On May 30, 2012, this court sentenced defendant to a term of imprisonment of eighteen months and a three-year term of supervised release.  See Doc. No. 77.

On October 30, 2012 defendant's counsel in the state court proceeding moved in this court for correction of sentence and petitioned for writ of habeas corpus ad prosequendum (Doc. No. 81).  This court ordered the United States to file a brief in response to this motion.  See Doc. No. 82.  The United States responded on December 12, 2012.  Doc. No. 83.

## II.  ANALYSIS

### a. Concurrent vs. Consecutive Sentence

Defendant seeks clarification as to whether the eighteen-month sentence imposed by this court on May 30, 2012 is to run consecutively or concurrently to the state sentence imposed on October 28, 2011.  Doc. No. 81 at 4-5.  More specifically, defendant seeks an order permitting defendant to serve his federal sentence concurrently with his state sentence.  Id. at 6.

Defendant's answer to his concurrent or consecutive dilemma is answered by § 212(a) of the Sentencing Reform Act of 1984, 18 U.S.C. § 3584(a).  The provision provides:

> If multiple terms of imprisonment are imposed on
> a defendant at the same time, or if a term of
> imprisonment is imposed on a defendant who is

3

already subject to an undischarged term of
imprisonment, the terms may run concurrently or
consecutively . . . . Multiple terms of
imprisonment imposed at the same time run
concurrently unless the court orders or the
statute mandates that the terms are to run
consecutively. <u>Multiple terms of imprisonment
run consecutively unless the court orders that
the terms are to run concurrently.</u>"

18 U.S.C. § 3584(a) (emphasis supplied). This provision gives
district courts discretion to impose sentences to run either
consecutively or concurrently to undischarged state
sentences.[1] <u>See</u> <u>U.S. v. Fuentes</u>, 107 F.3d 1515, 1519-20 (11th
Cir. 1997); <u>see also</u> <u>U.S. v. Morrison</u>, 504 F. App'x 247, 250
(4th Cir. 2013). Where, as here, the judgment order does not
indicate whether the federal sentence is to run concurrently or
consecutively to an undischarged state sentence, the sentence is
to run consecutively. The Circuit Court of Summers County, West
Virginia sentenced defendant on October 24, 2011. The sentence
was undischarged at the time this court sentenced defendant on
May 30, 2012 on completely unrelated charges. Under 18 U.S.C. §
3584(a), the eighteen-month sentence imposed by this court for a
drug offense runs consecutively to defendant's state sentence

---

[1] The Sentencing Guidelines provide further assistance, providing
that "[i]f the instant offense was committed . . . after
sentencing for, but before commencing service of [a] term of
imprisonment, the sentence for the instant offense shall be
imposed to run consecutively to the undischarged term of
imprisonment." U.S.S.G. § 5G1.3(a).

for conspiracy to commit breaking and entering, conspiracy to commit grand larceny, and the transferring of stolen property.

### b. Primary Jurisdiction

Next, defendant contends that the State of West Virginia never relinquished jurisdiction and that the federal government should not have proceeded as if it had primary jurisdiction.  To this end, defendant seeks a ruling from this court that defendant be returned to the West Virginia Department of Corrections for completion of his state sentence before serving his federal sentence.  Doc. No. 81 at 4.

Based on recent pro se filings by defendant, it appears this issue is now moot.  Defendant states that he served the remainder of his state sentence prior to beginning his federal sentence.  See Doc. No. 89.  Furthermore, the federal judgment order in this matter was not return executed until April 30, 2014.  See Doc. No. 88.  This indicates that defendant was sent to serve his state sentence prior to his federal sentence.  The request that "Mr. McBride [be] returned to the custody of the West Virginia Department of Corrections for service of his pre-existing sentence on State charges" is denied as moot.

### c. Writ of Habeas Corpus ad Prosequendum

Finally, defendant addresses the fact that he was not present at his re-sentencing in state court on October 28, 2011. Doc. No. 81 at 5.  Counsel for the defendant seeks a writ of

habeas corpus ad prosequendum so that "he may appear and be re-
sentenced properly before the Circuit Court of Summers County,
West Virginia." Id. at 6.  As discussed below, this writ is not
the proper remedy for defendant's alleged problems with his
state court sentencing.

Habeas corpus ad prosequendum has been defined as a court
order demanding that an inmate be produced to face criminal
charges.  See U.S. v. Evans, 159 F.3d 908, 911 (4th Cir. 1998).
The writ is an ancient common law concept and has been
recognized in United States courts since the Supreme Court's
first exploration into habeas corpus in the case of Ex parte
Bollman, 4 Cranch 75, 8 U.S. 75 (1807).  In that case, Chief
Justice Marshall recognized that form of the habeas corpus writ
that would "issue when it is necessary to remove a prisoner, in
order to prosecute, or bear testimony, in any court, or to be
tried in the proper jurisdiction wherein the fact was
committed." Id. at 98.  Since then, the statutory authority of
federal courts to issue writs of habeas corpus ad prosequendum
to secure the presence of defendants in state custody has never
been doubted.  See U.S. v. Mauro, 436 U.S. 340 (1978).

The writ is not just a tool for the federal judiciary; even
though there is no explicit statutory authorization for the use
of the procedure, it has been understood to be equally
applicable when used by states to summon prisoners in federal

6

custody.  See Ponzi v. Fessenden, 258 U.S. 254, 261 (1922)
("There is no express authority authorizing the transfer of a
federal prisoner to a state court for such purposes.  Yet we
have no doubt that it exists and is to be exercised with the
consent of the Attorney General."); Konigsberg v. Ciccone, 417
F.2d 161 (8th Cir. 1969) (approving removal of federal mental
patient to state proceedings to stand trial via writ of habeas
corpus ad prosequndum); State v. Fender, 268 S.E.2d 120, 123
(W.Va. 1980) (ability of states to seek temporary custody
through use of habeas corpus ad prosequendum well-established
and unaffected by enactment of International Agreement on
Detainers).

From the foregoing, it is clear that habeas corpus ad
prosequendum is a well-established procedure by which one
jurisdiction (whether state or federal) can achieve temporary
custody over a prisoner incarcerated in another jurisdiction
(whether state or federal).  Use of the writ does not terminate
the primary jurisdiction of the original custodian, nor is it
subject to any jurisdictional limitations.  What all these cases
have in common, however, is an understanding that the writ
involves a process by which one jurisdiction summons the
prisoner, and the other relinquishes him.  See, e.g., Carbo, 364
U.S., at 615 (noting the writ's use to remove a prisoner in
order to prosecute him in the proper jurisdiction where the

7

offense was committed)(citing <u>Bollman</u>, 4 Cranch at 95); <u>Stewart v. Bailey</u>, 7 F.3d 384, 389 (4th Cir. 1993) (noting that writs are "issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged on the prisoner" in order to request presence in "the summoning jurisdiction."); <u>Fender</u>, 268 S.E. 2d at 122 ("Traditionally the writ has been issued in a court in the state seeking custody of the defendant. It has been directed to the person having custody of him in the foreign sovereignty.").

The court issuing the writ is the court summoning the prisoner.  The writ is not a tool to force a prisoner to appear in a foreign jurisdiction.  In <u>Huston v. State of Kansas</u>, 390 F.2d 156 (10th Cir. 1968), a federal prisoner filed in federal district court for a writ of habeas corpus ad prosequendum to have him brought before state court to face charges that had been levied against him in a detainer.  <u>Id.</u> at 156.  The court found that the writ's purpose was to produce a defendant for trial "before the court issuing the writ," such that "in order for a writ of habeas corpus ad prosequendum to be used to bring appellant to trial in Kansas state court, the writ must issue from that court."  <u>Id.</u> at 157.  <u>See also</u> <u>Hines v. Comm. Of Pa.</u>, 276 F. Supp. 590 (W.D.Pa. 1968) (holding that district court had no power to order the transfer of a federal prisoner into state

custody or force state authorities to bring that prisoner to trial).

As such, it is clear the requested writ is not the appropriate avenue for dealing with alleged problems with the state sentencing.  To the extent that defendant seeks to challenge the state court's handling of his state case in federal court, the appropriate method would be to petition for a writ of habeas corpus under 18 U.S.C. § 2254.  The petition for a writ of habeas corpus ad prosequendum is denied.

### d. Pro Se Motion for a Corrected Release Date

On May 5, 2014, defendant filed a pro se motion seeking an order for a corrected release date (Doc. No. 89).  Defendant contends he should be given credit for the time he served between September 27, 2011 and June 25, 2012, when he alleges he was in federal custody awaiting transfer to serve his state sentence.  Defendant's challenges to the calculation of his sentence are properly brought in a petition for writ of habeas corpus under 18 U.S.C. § 2241.  The court notes that such an action has already been opened based on a previous letter from defendant and is currently pending.  See Civil Action No. 1:14-12074.  Defendant's latest pro se filing (Doc. No. 89) is properly a matter for his § 2241 action.  As such, the Clerk shall file the motion (Doc. No. 89) in Civil Action 1:14-12074.

### III. CONCLUSION

For the reasons expressed above, defendant's motion for correction of sentence and petition for writ of habeas corpus ad prosequendum (Doc. No. 81) is DENIED.  The Clerk is directed to file defendant's pro se motion seeking an order for a corrected release date in defendant's § 2241 civil action (1:14-cv-12074).

The Clerk is further directed to send a copy of this Order to defendant, pro se, all counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED on this 6th day of May, 2014.

ENTER:

David A.  Faber
Senior United States District Judge

10